**No. 45814.**—Petition 6102–R of Debway Hats, Inc. (Tampa).

OLIVER, Presiding Judge: This is a petition praying for the remission of additional duties accruing under section 489, Tariff Act of 1930, due to the fact that the final appraised value exceeded the entered value of certain so-called secondary quality cocoanut braids, exported from Nassau, British West Indies, and entered at the port of Miami, Fla.

The only witness in this case was the president of the petitioner corporation. It appears from his testimony that after negotiating with several people in Nassau, British West Indies, several contracts were made with one individual for shipments of this so-called cocoanut braid for use by the petitioner in its business of making ladies' hats. It further appears that prior to entry of any of this merchandise he had consulted with the customs examiner at the port of New York who passed upon this class of merchandise, relative to the proper dutiable value thereof, and when the first shipments were received at New York they were entered at the invoice prices, which were accepted by the appraiser as the proper dutiable value. The witness further testified that in 1939, when the European War began, shipments from Nassau to New York were considerably reduced in volume. The petitioner thereupon decided that in the future he would bring these braids in at

the port of Miami to obtain quicker delivery. Following the practice adopted for the entries previously made at the port of New York for identical merchandise the merchandise at bar was entered at the invoice prices at the port of Miami. These entered values were accepted by the appraiser at that port, but were questioned by the collector at Miami who' duly filed appeals for reappraisement. These appeals were ultimately disposed of by stipulation wherein the values claimed by the Government were accepted by the importer.

We are satisfied of the good faith of the petitioner in this case. The petitioner had previously entered identical merchandise at the port of New York at invoice prices which had there been accepted as the proper dutiable value thereof. In some instances, those values were equal to those on the invoices herein. The petitioner might well assume that the same values would be accepted as the proper dutiable value for identical merchandise when entered at the port of Miami.

From an examination of the record before us and a consideration of all the facts in the case we are satisfied that the entry of the merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the true value of the merchandise.

The petition is therefore granted, and judgment will issue accordingly.